**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MURAT KURASHEV,

Defendant - Appellant.

No. 24-2874

D.C. No.
2:21-cr-00040-KJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted February 13, 2026
San Francisco, California

Before: MURGUIA, Chief Judge, and S.R. THOMAS and MILLER, Circuit Judges.

Following a guilty plea, Murat Kurashev was convicted on one count of attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). He was sentenced to 144 months of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

imprisonment, to be followed by three years of supervised release. Kurashev now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At sentencing, the district court imposed a 12-level "terrorism" enhancement under U.S.S.G. § 3A1.4(a), which applies when an offense involved a "federal crime of terrorism" as defined in 18 U.S.C. § 2332b(g)(5). Under section 2332b(g)(5), a federal crime of terrorism is an offense that (A) was "calculated to influence or affect the conduct of government by intimidation or coercion," and (B) was a violation of one of a list of specified provisions, including 18 U.S.C. § 2339B, which Kurashev pleaded guilty to violating.

We review a district court's interpretation of the Sentencing Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *United States v. Alhaggagi*, 978 F.3d 693, 698–99 (9th Cir. 2020).

1. Kurashev argues that the district court abused its discretion in applying the terrorism enhancement because there was insufficient evidence of his specific intent. We have described section 2332b(g)(5)(A) as imposing a "specific intent requirement." *Alhaggagi*, 978 F.3d at 700. Because "[i]t is possible . . . to provide material support to a terrorist group in violation of 18 U.S.C. § 2339B(a)(1) without intending that the support . . . would influence [or] affect . . . government conduct," we have explained that the enhancement "does not automatically apply to all material support offenses." *Id.* at 699. In material-support cases, a court

generally will be required to identify "evidence beyond the facts underlying the offense conduct" to show that the defendant intended for his material support to be used to "influence or affect the conduct of government by intimidation or coercion." *Id.* at 701–02. That intent may be inferred from evidence regarding the defendant's knowledge of how the support will be used. *Id.* at 702–03.

The record supports the district court's determination that Kurashev had the requisite intent. Specifically, the evidence shows that Kurashev sent money to Farrukh Fayzimatov, a Syria-based fundraiser, with the intent that at least some of the funds would be used to purchase military equipment for Hay'at Tahrir al-Sham (HTS) to use in its armed conflict against the Syrian government.

Unlike in *Alhaggagi*, *see* 978 F.3d at 702–03, the evidence shows that Kurashev knew how his support would be used. Kursahev knew that HTS was engaged in armed conflict against the Syrian government during the Syrian civil war. And he knew not only that Fayzimatov was a fundraiser for HTS generally, but also that Fayzimatov personally solicited and spent money to support HTS's military efforts. For example, Kurashev forwarded an undercover agent a fundraising post from Fayzimatov that listed the prices of military equipment—including weapons and ammunition vests—and encouraged donors to "[e]quip the warrior." Kurashev also forwarded a video in which Fayzimatov stated that he had "equip[ped] over a hundred mujahids" using funds raised during the past year.

24-2874

Kurashev's contemporaneous statements confirm that he intended for some of his funds to be used to support HTS's armed conflict against the Syrian government. When Fayzimatov told Kurashev that donating would mean "using your assets to carry out jihad," Kurashev responded, "Yes, brother, I am trying to act with only this intent." And after Fayzimatov remarked on the expense of "one operation," Kurashev replied that "[w]ar is an expensive pleasure."

Despite this evidence, Kurashev contends that the record does not establish that he acted with specific intent because he put no limits on Fayzimatov's use of the money, and he intended to support some of Fayzimatov's journalistic work. But *Alhaggagi* makes clear that the requisite intent can be found without evidence that the defendant instructed the recipient on how to use the funds, *see* 978 F.3d at 702–03 (focusing on knowledge of how the support would be used), and section 2332b(g)(5)(A) does not require that the offense be calculated exclusively to affect government conduct by intimidation or coercion. On this record, it was well within the district court's discretion to determine that Kurashev's donations were not "only intend[ed] to support journalistic efforts."

2. Kurashev also argues that the district court erred in applying the enhancement because the Assad regime in Syria was not a "government" under section 2332b(g)(5). As Kurashev concedes, he did not raise this argument below,

so we review it for plain error. *See United States v. Gomez*, 165 F.4th 1199, 1206–07 (9th Cir. 2026) (en banc). We see none.

"When a statute does not define a term, we typically 'give the phrase its ordinary meaning.'" *FCC v. AT&T Inc.*, 562 U.S. 397, 403 (2011) (quoting *Johnson v. United States*, 559 U.S. 133, 138 (2010)). Kurashev does not dispute that the Assad regime was a government in the ordinary sense—that is, "the body of persons that constitutes the governing authority of a political unit or organization." *Webster's Third New International Dictionary* 982 (2002). Instead, he argues that "government" should not be given its ordinary meaning in section 2332b(g)(5)(A). We are not persuaded by his arguments to depart from ordinary meaning. At a minimum, he cannot show that the district court's application of ordinary meaning was a clear or obvious error. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

3. Finally, Kurashev argues that the application of the enhancement was "procedurally unreasonable" because the district court did not "sufficiently explain the decision to impose the enhancement." This challenge was not raised below, so we review it for plain error.

The district court did not err, let alone plainly. The court articulated the requirements of the enhancement and pointed to evidence in the record supporting its finding that those requirements were met. Its explanation was sufficient "to

permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Kurashev's motion for judicial notice (Dkt. No. 23) is denied because the materials for which notice is sought are not relevant to the legal issues in this case.

**AFFIRMED.**